UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JOSEPH ARENA, on behalf of himself and all
others similarly situated,

                       Plaintiffs,

       -against-

DELUX TRANSPORTATION SERVICES,
INC., and PETER BLASUCCI, an individual,

               Defendants.

------------------------------------------------------------X

**ECF CASE**

Docket No.: 12-CV-01718 (LDW)(ARL)


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS COMPLAINT


Theodore L. Hecht
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, New York 10005-1101
Telephone: (212) 973-8000
Facsimile:  (212) 972-8798
Email: thecht@schnader.com

*Attorneys for Defendants -*
*Delux Transportation Services, Inc. and*
*Peter Blasucci*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................... 1

STATEMENT OF FACTS ..................................................................................... 2

    A.   The Taxicab Lease Between Arena and Delux ................................................ 2

    B.   The Complaint ......................................................................................... 5

ARGUMENT

POINT I        THE COMPLAINT FAILS TO ALLEGE PLAUSIBLE CLAIMS .................... 7

    A.   Legal Conclusions and Non-Factual Allegations ........................................... 8

    B.   Plausibility and Documents Known to Arena and Integral to the Complaint ......... 10

POINT II       ARENA DID NOT AUTHORIZE THE LAWSUIT ....................................... 12

POINT III      THE FLSA CLAIMS ARE BARRED, IN PART,
                   BY THE STATUTE OF LIMITATIONS ...................................................... 13

POINT IV      ARENA, AS A TAXICAB DRIVER, IS EXEMPT FROM
                   OVERTIME REQUIREMENTS .................................................................. 13

POINT V       THE COURT SHOULD DISMISS THE STATE LAW CLAIMS ..................... 14

    A.   Spread of Hours ..................................................................................... 14

    B.   Deductions ............................................................................................ 15

    C.   Conversion ........................................................................................... 15

    D.   The Court Should Not Exercise Supplemental Jurisdiction .............................. 15

POINT VI      ALTERNATIVELY, THE COURT SHOULD CONVERT
                   THIS MOTION TO SUMMARY JUDGMENT ............................................. 16

CONCLUSION ................................................................................................. 17

## <u>TABLE OF AUTHORITIES</u>

**Page**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...........................................................................................7, 8, 9, 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .........................................................................................................8

*Brass v. Amer. Film. Tech., Inc.*,
987 F.2d 142 (2d Cir. 1993) ............................................................................................8

*Brooklyn Heights Assoc. v. Nat'l Park Service*,
818 F. Supp.2d 564 (E.D.N.Y. 2011) ...........................................................................15

*Cariani v, D.L.C. Limousine Service, Inc.*,
363 F. Supp.2d 637 (S.D.N.Y. 2005) ...........................................................................13

*Carnegie-Mellon Univ. v. Cohill*,
484 U.S. 343 (1988) .......................................................................................................15

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002) ............................................................................................8

*Cortec Indus., Inc. v. Sum Holding L.P.*,
949 F.2d 42 (2d Cir. 1991) ..............................................................................................8

*Galliano v. Fidelity Nat'l Title Ins. Co.*,
684 F.3d 309 (2d Cir. 2012) ............................................................................................9

*Global Network Communications, Inc. v. City of New York*,
458 F.3d 150 (2d Cir. 2005) ..........................................................................................16

*Khan v. IBI Armoured Servs., Inc.*,
474 F. Supp.2d 448 (E.D.N.Y. 2007) ...........................................................................14

*Kirschner v. Bennett*,
648 F. Supp.2d 525 (S.D.N.Y. 2009) ...........................................................................15

*Kolari v. New York Presbyterian Hosp.*,
455 F.3d 118 (2d Cir. 2006) ..........................................................................................16

*Louisdor v. Am. Telecomm., Inc.*,
540 F. Supp.2d 368 (E.D.N.Y. 2008) ...........................................................................16

*Mullins v. City of New York*,
    626 F.3d 47 (2d Cir. 2010)........................................................................................10

*NLRB v. Associated Diamond Cabs, Inc.*,
    702 F.2d 912 (11th Cir. 1983) .................................................................................12

*Staehr v. Hartford Fin. Servs. Group*.
    547 F.3d 406 (2d Cir. 2008)....................................................................................13

*Yellow Taxi Co. of Minneapolis v. NLRB*,
    721 F.2d 366 (D.C. Cir. 1983)................................................................................12

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

28 U.S.C. §§ 201-209 ......................................................................................................5

28 U.S.C. § 1367(c)(3)...................................................................................................15

29 U.S.C. § 215(a)(3).....................................................................................................10

29 U.S.C. § 216(b)..........................................................................................................12

29 U.S.C. § 255(a)..........................................................................................................13

Fair Labor Standards Act ....................................................................................... passim

Fed. R. Civ. P. Rule 12 ......................................................................................1, 7, 13, 16

Fed. R. Civ. P. Rule 56 ...............................................................................................1, 16

**STATE: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

12 N.Y.C.R.R. § 137-3.11 ...............................................................................................9

New York Labor Law § 190 ..............................................................................5, 14, 15

New York Labor Law § 650 .............................................................................................5

## PRELIMINARY STATEMENT

Defendants Delux Transportation Services, Inc. and Peter Blasucci (collectively "Delux") submit this memorandum of law in support of their motion, pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss the complaint of plaintiff Joseph Arena ("Arena"). Arena's complaint pleads claims alleging violations of the minimum wage and overtime requirements for covered employee under the federal Fair Labor Standards Act ("FLSA") and New York law.

The Court should dismiss Arena's complaint on the grounds that, assuming the Complaint's non-conclusory allegations as true, and considering documents incorporated by the Complaint's allegations and known to Arena and integral to such allegations, (i) Arena has failed to allege facially plausible claims against Delux; (ii) Arena is not Delux's employee, but a lessee/independent contractor renting taxicabs pursuant to a lease between Arena and Delux, (ii) Arena does not account to Delux for the fares and tips he collects and does not share any of the proceeds with Delux; (iii) Arena has not filed with the Court a statement authorizing this lawsuit as required by the FLSA,  (iv) the Complaint alleges that the claims accrued six years ago, and, thus includes time periods beyond the statute of limitations for claims pursuant to the FLSA, (v) even if Arena were Delux's employee (and he is not), a taxicab driver is statutorily exempt from overtime benefits under the FLSA; (vi) Arena's state law claims should be dismissed for reasons similar to the dismissal of the federal claims; and, alternatively (vii) the Court should decline to exercise supplemental jurisdiction.

Alternatively, should this Court find that Delux's motion is based on matters that are beyond the four corners of the Complaint or matters that could not be considered on a Rule 12(b)(6) motion, Delux requests that the Court, upon notice to the parties, convert the motion to one for summary judgment pursuant to Rule 56, Fed. R. Civ. P., allow the parties to submit affidavits, and thereafter grant summary judgment.

## STATEMENT OF FACTS

Delux is a company which, among other things, operates a taxicab business located in Port Washington, New York. *See* Complaint ¶ 9; Declaration of Peter Blasucci in Support of Defendants' Motion to Dismiss dated August 15, 2012 ("Blasucci Decl."), Exh. A. Arena is a licensed taxicab driver. *See* Complaint ¶ 32; Blasucci Decl., Exhs. M, N. Delux is the owner of medallion taxicabs licensed by the Town of North Hempstead and is authorized to lease its taxicabs to independent contractors. *See* Blasucci Decl., Exhs. A, H.

### A.      The Taxicab Lease Between Arena and Delux

Arena and Delux entered a Taxicab Lease Agreement dated November 23, 2011 (the "Taxicab Lease"). Blasucci Decl., Exh. A. Arena and Delux had no relationship prior to November 2011. *See* Complaint ¶ 32; Blasucci Decl., Exh. A. The Taxicab Lease provides that Arena, as lessee, is entitled to lease a taxicab on a daily basis for a rental fee based on the hours rented. Blasucci Decl., Exhs. A and H. The rent is set forth in a schedule incorporated by the Taxicab Lease. Blasucci Decl., Exh. B. The Taxicab Lease's daily rent depends upon the day and time that Arena requests a taxicab, ranging from a low of $63 for an eight hour rental on a holiday to a high of $122 for a twelve hour rental on a non-holiday Monday through Friday. *Id.* The Taxicab Lease provides for a weekly (seven day) rental of $790. *Id.*

Arena and Delux agreed in the Taxicab Lease that "there does not exist between them the relationship of employer-employee, principal-agent, master servant, either express or implied, but the relationship of the parties is strictly that of lessor-lessee, [Arena] being free from interference or control on the part of [Delux] in the operation of said taxicab." Blasucci Decl., Exh. A at ¶ 5.

2

The Taxicab Lease further provides that

> in addition to the rental payment, LESSEE will pay LESSOR a
> security deposit in the amount of One THOUSAND DOLLARS
> ($1,000.00), to be deducted at a rate of Three Dollars ($3.00) per
> day, or Eighteen Dollars ($18.00) per week for weekly leases, and
> held by LESSOR in non-interest bearing account.  The purpose of
> the deposit is to insure the return of the taxicab in the same
> condition as accepted by LESSEE, and LESSOR shall have the
> right, upon termination of the Lease, to deduct from said security
> deposit any amount due LESSOR, including but not limited to,
> delinquent lease rental charges.  Said security deposit, less proper
> deductions, shall be returned to LESSEE not later than ninety (90)
> fays after the termination of the Taxicab Lease Agreement.

*Id.* at ¶ 6.

Pursuant to the Taxicab Lease, Delux, as lessor, "disclaims any interest in the
revenue received by [Arena] from passengers, and [Arena] is entitled to receive all such revenue
for [his] own account."  Delux thus does not pay Arena anything.   The Taxicab Lease provides
that Delux is not responsible for withholding taxes on moneys received by Arena from
passengers. *Id.* at ¶ 7.

For each day Arena leases a taxicab, he completes, in his own hand-writing and
without supervision, a written statement of account.  *See* Blasucci Decl. ¶ 3, Exh. G.  Arena's
statements show that he does *not* account to Delux for the total amount that he books for fares
and tips.  He accounts only for fares where the passenger did not pay cash, but charges a ride and
tip to a charge card or account.  *See id.*  In such cases, Delux immediately credits Arena for the
full fare and tip and, as a service to Arena, subsequently collects the money from the credit card
company or customer having a charge account.  *Id.*  Arena does not report to Delux any of his
cash receipts.  *Id.*

For each day Arena leases a taxicab, he accounts, in writing, for sales tax payable
to the government for his lease rental and for credit card and charge account rides.  *Id.*  Arena

3

credits Delux with $3.00 per lease day which is then applied to a security deposit account required under the lease. Each day that Arena leases a taxicab, he reconciles his account with Delux by totaling his fixed rent payment, sales taxes, and security deposit and deducting the full amount of the credit card and charge account fares and tips owing to him. He then records on his written statement whether he owes Delux a net balance or whether Delux owes him a net balance. *Id.* Again, he does not account to Delux for his cash receipts. *Id.*

From time to time, Arena proposes the days that he predicts that he will lease a taxicab. Blasucci Decl., Exhs. C, F and I. The days he selects are entirely of his choosing and he is not held to those dates if he changes is mind. *See* Blasucci Decl., Exh. I. For example on November 23, 2011, Arena proposed to lease a taxicab four days a week (Sunday, Tuesday-Thursday) in the morning beginning at 6 A.M. Blasucci Decl., Exh. C. However, the following week, he only leased a taxicab on Wednesday (November 30) and Thursday (December 1). *See* Blasucci Decl., Exhs. G, K. The following week he leased a taxicab based on his proposed schedule on Sunday (December 4, 2011), Tuesday-Thursday (December 6-8) (*id*). but thereafter declined to lease a taxicab according to his proposed schedule. *Id.*

Indeed, Arena leased a taxicab only on December 13, 15, and 27, 2011, did not lease a taxicab again until January 29, 2012. Thereafter, over the next six months (151 days) (February – June, 2012), Arena leased a taxicab a total of twenty-seven days. *Id.*

Counsel for Arena filed the Complaint on April 6, 2012. Thereafter, Arena remained free to lease a taxicab on any date he chose. On June 29, 2012, Arena notified Delux that he no longer wished to lease a taxicab and returned to Delux his credit card machine, camera and pager. Blasucci Decl. ¶ 3. Soon thereafter Arena contacted Delux and stated that he wished to again lease taxicabs from Delux. *Id.* On July 19, 2012, Arena signed a Taxicab Lease

renewing his leasing arrangement with Delux.  Blasucci Decl., Exh. H.  Over the past month, he

has been leasing a taxicab three to five days per week.  *Id.* at Exhs. J and K.

### B.      The Complaint

The Complaint alleges claims on behalf of Arena and all "similarly situated"

drivers for Delux.  The Complaint alleges claims for (1) violation of the Fair Labor Standards

Act, 28 U.S.C. §§ 201-209, based on an alleged failure to pay minimum wage and overtime, (2)

violation of New York Labor Law § 650 *et seq.* based on an alleged failure to pay overtime

wages, (3) violation of New York regulation for an alleged failure to pay Arena spread of hours

pay, (4) violation of New York Labor Law § 190 *et. seq.* for allegedly making unauthorized

deductions from Arena's pay, and (5) conversion allegedly based on wrongful deduction taken

by Delux from monies owed to Arena.

The Complaint consists entirely of legal conclusions and allegations unsupported

by any facts.  The entirety of the Complaint rests on paragraph 13 which alleges:

> Specifically, for the last six years, Plaintiffs were scheduled to
> work and/or required to work in shifts of approximately six days
> per week; twelve hours per day; seventy two hours a week; had
> monies wrongfully withheld from wages; were forced to give
> kickbacks under the threat of employment termination; had monies
> wrongfully withheld from wages for taxes even though no such
> taxes were paid, and earned approximately $150.00 per week after
> splitting fares with the Defendants.[1]

Documents integral to the Complaint, and known to Arena, indeed documents

executed and prepared by Arena, show that he never worked six days per week, never worked

seventy-two hours in a week, never split any fares with Delux, and retained 100% of the fares

paid by passengers.  Arena himself remitted to Delux sales and lease taxes; Delux did not

---

[1]  Complaint ¶¶ 13, 15, 57-60, 62, 65 repeat substantially word for word the same conclusory
allegations with no factual detail.

withhold any taxes.  Arena paid rent to Delux and did not account to Delux for the fares and tips he received from passengers.

The Complaint alleges that "[p]laintiff commenced his employment with Defendants' [sic] beginning on or around November 2011 as a for hire limousine driver." Complaint ¶32.  Documents known to Arena, and executed by him, however, show that in November 2011, Arena entered into the Taxicab Lease with Delux, Arena is licensed as a taxicab driver and drives a taxicab.  Blasucci Decl., Exhs. A, H.  The Complaint alleges that "Plaintiff did not sign a contract for employment with Defendants" (Complaint ¶ 34), which is true; Arena signed the Taxicab Lease.  The Complaint alleges the legal conclusion that "Plaintiff was an at will employee of Defendants."  Complaint ¶ 35.  The Taxicab Lease, on the other hand, shows that Arena is a lessee of taxicabs and an independent contractor.

The Complaint alleges, without factual detail, that "Defendants exercised full control over Plaintiff's hours, which company car he was to drive, and which routes he could take . . . Plaintiff was not free to choose his own hours during his employment with Defendants. . . Plaintiff was directed to show up for work at hours designated by Defendants." Complaint ¶¶ 36, 37, 39.  Documents known and prepared by Arena, and integral to the Complaint, factually, show that Arena selected his own hours to rent a taxicab and was free to operate his taxicab in any manner that he pleased as long as he complied with local ordinance. Documents prepared by Arena show that Delux never designated the hours that he had to rent a taxicab and that his rental was sporadic and not according to any schedule but his own.  Blasucci Decl., Exhs. C, G, I, J, K.

The Complaint alleges without any factual content that "Defendants wrongfully withheld a portion of the gratuities that Plaintiff earned . . . Defendants wrongfully demanded

kickbacks and a financial contribution, specifically monies from fares and tips earned by Plaintiff, with the understanding that failure to comply with such request or demand would prevent him from procuring or retaining employment with Defendants."   Complaint ¶¶ 49-50. Documents executed and prepared by Arena, however, show that Arena keeps all of his passenger fares and tips.  *See* Blasucci Decl., Exhs. A, G, H, J.  The documents further show that Delux recognizes Arena's right to keep all of the revenue he receives from passengers.  *Id.*

The Complaint repeats the same conclusions of law and allegations without factual content over and over.  The Complaint is mere boilerplate.  Indeed, Arena has filed a substantively identical complaint in another action pending in this Court, *Arena v. Plandome Taxi, Inc.*, CV-12-1078 (DRH) (E.D.N.Y.), concerning an unrelated taxi company.  *See* Blasucci Decl., Exh. P.

Arena's counsel has failed to file with the Court a written authorization by Arena to allege the FLSA claims herein.  *See* Docket generally.

## ARGUMENT

### POINT I

### THE COMPLAINT FAILS TO ALLEGE PLAUSIBLE CLAIMS

On a motion to dismiss pursuant to Rule 12, Fed. R. Civ. P., a court may "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "The tenet that a court must accept as true all of the allegations in a complaint are inapplicable to legal conclusions."  *Id.* at 662.  While "legal conclusions can provide the framework for the complaint, they must be supported by factual allegations."  *Id.*  Only where a complaint has "well-pleaded factual allegations, [should]

a court assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. [] The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant had acted unlawfully." *Id.* at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)). Further, when determining plausibility, this Court may consider documents where there is "undisputed notice to plaintiffs of their contents and they [are] integral to plaintiffs' claims and relied upon by plaintiff in bringing suit." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). The Court may consider "matters on which judicial notice may be taken ..." *Brass v. Amer. Film. Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). *See also Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002) ("[P]laintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion.") (italics in original).

### A.    Legal Conclusions and Non-Factual Allegations

The Complaint herein consists largely of repetitive conclusory allegations fitting within two categories. First, the Complaint alleges legal conclusions, without any facts, that Delux violated a variety of legal duties required under federal and state law. Complaint ¶¶ 1, 3, 12, 16-24, 66, 68, 78. These allegations should not be deemed true.

Second, the Complaint is premised upon repetitive allegations that recite the conclusory legal elements of employer liability, incorporating a six year period, but is devoid of any facts. *See* Complaint ¶¶ 13-14, 56-60, 62, 65, 71-77.

8

The Complaint does not allege facts showing that Arena has been affiliated with Delux for the last six years. Indeed, he alleges that he has only had a relationship with Delux since "beginning or around November 2011." Complaint ¶ 32. The Complaint does not allege the hours that Arena worked, the number of unpaid regular hours and overtime hours. Instead, the Complaint alleges that other unnamed "FLSA Plaintiffs" "over the past six years" "worked approximately six days" "in excess of ten hours per day," "were not paid the mandated spread of hours for days worked in excess of 10 hours per day; and "without overtime." Complaint ¶ 13. Even in the case of these unnamed plaintiffs, there is no factual allegation as to the number of unpaid regular hours or overtime hours and the wage rate paid. The allegations concerning "in excess of ten hours per day" is not a factual allegations, but merely tracks the legal element of a spread of hours claim. *See* 12 N.Y.C.R.R. § 137-3.11 ("[o]n each day in which the spread of hours exceeds 10, an employee shall receive one hour's pay at the basic minimum hourly rate before allowances . . .").

The Complaint alleges that Delux wrongfully deducted monies due Arena (*id*.), but does not allege any facts showing when monies were deducted from his pay, the type of taxes allegedly deducted, how much was deducted, or any fact supporting the allegation that taxes were not thereafter remitted by Delux. The Complaint alleges that Arena paid kickbacks to Delux (*id*.), but does not allege any fact as to when and to whom Arena paid kickbacks and the amount of such kickbacks. *See Galliano v. Fidelity Nat'l Title Ins. Co.*, 684 F.3d 309, 314 (2d Cir. 2012) (relying on *Iqbal*) ("[w]hile the Complaint alleged a kickback scheme, it did so on a wholly conclusory and speculative manner").

The Complaint's allegation of retaliation is (*id*.) also devoid of fact. The Complaint has no factual allegation as to who retaliated against Arena, when he suffered threats

9

of retaliation or retaliation, or the substance of the threats or retaliation.  In this regard, "[t]he FLSA's anti-retaliation provision makes it 'unlawful to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]." 29 U.S.C. § 215(a)(3).  A prima facie showing of an FLSA retaliation claim requires a plaintiff to allege (1) participation in a protected activity known to the defendant; (2) an adverse employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment.  *See Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010).   The Complaint herein is devoid of any factual allegations to support the claim.

The Complaint alleges that Arena was required to split fares, which reduced his share to $150 per week (Complaint ¶ 13), but there is no factual allegations showing the amount of the "split" and how it was calculated, and the amount of fares he collected how and how it was reduced to his share of $150 per week.  Arena's allegations are "nothing more than a formulaic recitation of the elements" of employer liability, over a maximum six year statute of limitations period for state law claims, without any factual enhancement.  *See Iqbal*, U.S. 556 at 681.

**B.    Plausibility and Documents Known to Arena and Integral to the Complaint**

Further, the Complaint's conclusory allegations are facially implausible even if, for argument, they were deemed well-pleaded factual allegations.  Essential to each claim alleged in the Complaint is that Arena is Delux's employee.  When making the allegation, Arena must be relying on the very documents that he signed and prepared.  Yet, the documents, known to Arena and integral to the Complaint, show that Arena is not an employee but a lessee of taxicabs and an independent contractor.

In November 2011, only four months prior to the filing of the Complaint, Arena entered into the Taxicab Lease with Delux.  Pursuant to the Taxicab Lease, Arena rents a taxicab

on an occasional daily basis on dates that he alone chooses, Delux disclaims any interest in any revenue received by Arena from the operation of the taxicab, Arena receives all such revenue solely for his own account, Delux does not pay Arena anything nor share in his receipts, and Arena acknowledges that he is an independent contractor and operates as such.

For each day Arena leases a taxicab, he completes, in his own hand-writing and without supervision, a written statement of account.  His own account shows that (i) Delux did not deduct any monies for taxes, but Arena accounted to Delux for sales and lease taxes, (ii) Arena did not account to Delux for all of his fares and tips, and (iii) Arena did not split his fares with Delux or kick-back any money.  *See* Blasucci Decl., Exhs. G, J.

Documents integral to the Complaint show that, in the few months that Arena has been leasing a taxicab, Arena (i) never drove a taxicab in accordance with any consistent schedule (ii) never drove a taxicab six days per week; (iii) for several weeks, Arena, at his sole discretion, did not lease a taxicab at all, in other weeks, leased a taxicab for only one or two days and never more than three days; (iv) never kicked backed any money to Delux and that all financial transactions between Arena and Delux are fully accounted for, and documented, in writing; (v) Delux never deducted any money for taxes; (vi) when Delux owed Arena an account balance, it paid Arena by check and when Arena remitted a payment to Delux, Delux gave him a written statement showing receipt, (vii) Delux never threatened to "retaliate" or did retaliate against Arena, and (viii) Arena continues to lease a taxicab from Delux whenever he chooses.

Such integral documents render Arena's allegations implausible and establish that he is not Delux's employee, but an independent contractor sporadically leasing a taxicab. Significantly, Delux has previously obtained a private taxpayer ruling and relief from the Internal Revenue Service based on the IRS's finding that Delux's lease drivers are independent

contractors.  Although the IRS advice memorandum is not considered precedent, Delux urges

this Court to find the analysis persuasive.  The factors the IRS deemed dispositive in finding a

lessee of taxicabs to be an independent contractor are that Delux has only the right to receive the

specified rental, the lessee does not account to Delux for the fares collected by the lessee for

operation of the leased taxicab.  *Id.* at 4.

 Case law supports the IRS's finding.  *See e.g.*, *Yellow Taxi Co. of Minneapolis v.*

*NLRB,* 721 F.2d 366 (D.C. Cir. 1983) (daily lessees of taxicabs are independent contractors);

*NLRB v. Associated Diamond Cabs, Inc.*, 702 F.2d 912 (11th Cir. 1983) (same).  Therefore, the

FLSA has no applicability to this action.

 Arena has filed a nearly identical complaint against a taxi company wholly

unrelated to Delux in an action styled *Arena v. Plandome Taxi, Inc.*, CV-12-1078 (DRH)

(E.D.N.Y.).  Arena's complaint in the unrelated action shows that Arena's Complaint herein is

mere boilerplate falling far short of alleging the necessary factual allegations required to

demonstrate a plausible claim against Delux.

 The  Complaint's federal based claims alleged in the first and second causes of

action should be dismissed.


### POINT II

### <u>ARENA DID NOT AUTHORIZE THE LAWSUIT</u>

 The Complaint fails to allege that Arena nor any of the unidentified FLSA

Plaintiffs gave written consent to recover monies claimed in the Complaint and none have been

filed with the Court, as mandated by 29 U.S.C. § 216(b).  *See* Court Docket *generally.*

 Arena's written authorization is essential here because the Complaint alleges

numerous unfair scandalous allegations of kickbacks, intimidation, phony deductions and

criminal conduct.  The allegations are so outlandish and over the top, that it appears unlikely that Arena consented to making them.

## POINT III

### THE FLSA CLAIMS ARE BARRED, IN PART, BY THE STATUTE OF LIMITATIONS

The Complaint's FLSA claims (first and second cause of action) are governed by a two or three-year statute of limitations.  29 U.S.C. § 255(a) (imposing a two-year statute of limitations "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued").  The Complaint alleges FLSA claims for alleged conduct "over the past six years."  Thus, the FLSA claims, asserted by unidentified "FLSA Plaintiffs who have not authorized the lawsuit, are substantially time barred.

## POINT IV

### ARENA, AS A TAXICAB DRIVER, IS EXEMPT FROM OVERTIME REQUIREMENTS

Section 213(b)(17) of the FLSA provides that the maximum hours rule of § 207 "shall not apply with respect to ... (1) any driver employed by an employer engaged in the business of operating taxicabs."  Thus, even if, for argument, that Arena is deemed to be an employee of Delux, the Complaint is subject to dismissal to the extent that it asserts a claim based on a maximum hours statutory claim.

While an exemption is an affirmative defense, dismissal pursuant to Rule 12(b)(6) is appropriate "if the defense appears on the face of the complaint."  *Staehr v. Hartford Fin. Servs. Group.* 547 F.3d 406, 426 (2d Cir. 2008).  In this case, the Complaint alleges that Arena is a driver of a car for hire.  Although, the Complaint does not use the term taxicab, but "limousine," a limousine for hire is entitled to the taxicab exemption.  *See Cariani v, D.L.C.*

*Limousine Service, Inc.*, 363 F. Supp.2d 637, 642 (S.D.N.Y. 2005) (finding a car service carrying passengers without fixed routes or contracts for recurrent transportation and serving predominantly local transportation needs to be subject to the taxicab exemption).

The Court may take judicial notice of Arena's government issues "taxi driver's license" that authorizes him to drive the taxicabs he leases. *See* Blasucci Decl., Exh. M. The Court may also take judicial notice of the license and medallion affixed to the taxicabs he leases which show the cars to be licensed as taxicabs. *Id.* at Exh. N. Documents integral to the Complaint's allegations, known to Arena, further establish that he drives a taxicab, without fixed routes and serving predominantly local transportation need. *See id.* at Exhs. G, J.

## POINT V

## <u>THE COURT SHOULD DISMISS THE STATE LAW CLAIMS</u>

The Complaint alleges state law claims for spread of hours (third cause of action), wrongful deductions from pay in violation of New York Labor Law §§ 190 *et seq*. (fourth cause of action), and conversion (fifth cause of action). Like the federal claims, the state law claims are based on conclusory allegations without factual content and are implausible. Alternatively, the Court should decline to exercise supplemental jurisdiction.

### A.     Spread of Hours

The FLSA's exemption for taxicab drivers from the statute's maximum hours requirements is equally applicable under New York law. *See Khan v. IBI Armoured Servs., Inc.*, 474 F. Supp.2d 448, 451 n.1 (E.D.N.Y. 2007) ("New York's overtime law incorporates most of the FLSA's substantive provisions and exemptions, and a court's analysis under federal and state law will, in this and most cases, be the same"). A taxicab driver is exempt from New York's spread of hours' requirements.

14

### B.   Deductions

Arena cannot have a claim under New York Labor Law § 190 because he is not an employee, but a lessee of taxicabs. Arena has not alleged any facts showing that Delux has taken any deductions.  Documents known to Arena, and integral to the Complaint, further shows that Delux does not take any deductions, but that he keeps all the fare and tips that he collects.

### C.   Conversion

In order to establish a prima facie claim of conversion under New York law, a plaintiff must allege: "(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." *Kirschner v. Bennett*, 648 F. Supp.2d 525, 540 (S.D.N.Y. 2009) (internal citations omitted) (granting defendants' motion to dismiss claim for conversion).  The Complaint fails to allege a single non-conclusory factual allegation meeting the elements of conversion.

### D.   The Court Should Not Exercise Supplemental Jurisdiction

Alternatively, a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3). In addition, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claim." *Brooklyn Heights Assoc. v. Nat'l Park Service*, 818 F. Supp.2d 564, 571 (E.D.N.Y. 2011) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988)).

As Plaintiff's FLSA claims should be dismissed for the reasons explained above, this Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state

law claims.  *See Louisdor v. Am. Telecomm., Inc.*, 540 F. Supp.2d 368, 374 (E.D.N.Y. 2008) (dismissing plaintiff's FLSA claims and declining to exercise supplemental jurisdiction over plaintiff's remaining state law claim); *see also Kolari v. New York Presbyterian Hosp.*, 455 F.3d 118, 123-24 (2d Cir. 2006) (finding that district court abused discretion for exercising supplemental jurisdiction over unrelated state claims after federal claims were dismissed).

## POINT VI

### ALTERNATIVELY, THE COURT SHOULD CONVERT
### THIS MOTION TO SUMMARY JUDGMENT

Should the Court determine that the documents submitted by Delux in support of its motion to dismiss are "outside the pleadings," the Court may still consider the documents and convert the motion to dismiss to a motion for summary judgment under Rule 56.  *See* Fed. R. Civ. P 12(d) ("If, on a motion under Rule 12(b)(6)[], matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 154-55 (2d Cir. 2005) (vacating dismissal of complaint and remanding for conversion into motion for summary judgment).

## **CONCLUSION**

The Court should dismiss the Complaint.

Dated:  New York, New York
       August 15, 2012

Respectfully submitted,

SCHNADER HARRISON SEGAL & LEWIS LLP

By:  Theodore L. Hecht, Esq.
140 Broadway, Suite 3100
New York, New York 10005-1101
Telephone: (212) 973-8000
Facsimile:  (212) 972-8798
Email: thecht@schnader.com


Attorneys for Defendants -
*Delux Transportation Services, Inc. and
Peter Blasucci*