UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSEPH ARENA, on behalf of himself
and all others similarly situated,

        Plaintiffs,

    -against-

DELUX TRANSPORTATION SERVICES, INC.
and PETER BLASUCCI, an individual,

        Defendants.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★  FEB 15 2013  ★

LONG ISLAND OFFICE
MEMORANDUM AND ORDER

CV 12-1718

(Wexler, J.)

APPEARANCES:

Leeds Brown Law, P.C.
By: David H. Rosenberg, Esq.
     Jeffrey L. Brown, Esq.
     Bryan Arbeit, Esq.
1 Old Country Road
Carle Place, NY 11514
Attorneys for Plaintiffs

Schnader Harrison Segal & Lewis LLP
By:   Theodore L. Hecht, Esq.
140 Broadway, Suite 3100
New York, NY 10005-1101
Attorney for Defendants

WEXLER, District Judge:

      Plaintiff brings this action on behalf of himself and others similarly situated[1], claiming violations of the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("Labor Law"), and conversion. Defendants Delux Transportation Services, Inc. ("Delux") and Peter Blasucci ("Blasucci") (collectively, the "Defendants") move to dismiss Plaintiff's complaint

---

[1] While two other plaintiffs, Thomas Tucci and Ruben Fraiberg, have filed consents to sue, they have both withdrawn their consents, leaving Plaintiff Arena as the only current plaintiff.

1

pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 12(b)(6), or in the alternative, moves to convert the motion to one for summary judgment pursuant to Fed.R.Civ.P., Rule 56. [2]

## BACKGROUND

Plaintiff's complaint alleges that he was employed by Defendants beginning in November 2011 as a "for hire limousine driver." Complaint ("Comp."), ¶ 32. He further alleges that he was an at will employee, and that Defendants exercised full control over, inter alia, Plaintiff's hours, the routes Plaintiff drove, the car Plaintiff drove, the passengers to take, the manner in which to greet passengers, which fares to take, and the manner in which the car was kept clean. Comp., ¶¶ 32-46. Plaintiff further alleges that he was forced to share his fares with Defendants, pay for gasoline, and that Defendants paid Plaintiff in cash, never issued pay stubs, deducted taxes that were never paid, and withheld money for car insurance payments from Plaintiff's lawful wages. Plaintiff alleges he worked six days per week, and twelve hours a day, and was compensated $150.00 per week in cash. Comp., ¶¶ 47-57. Plaintiff claims that as a result, Defendants have violated the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("Labor Law"), the spread of hours pay required under New York law, and have wrongfully converted monies rightfully belonging to Plaintiff.

In lieu of answering, Defendants moved to dismiss Plaintiff's complaint pursuant to Fed.Civ.R.P., Rule 12(b)(6) for failure to state a claim. Defendants' primary argument is that

---

[2]Since the submission of this motion, Plaintiff has moved to conditionally certify the class pursuant to FLSA § 216(b), and for permission to move for Fed.R.Civ.P, Rule 23 class certification. Plaintiff also seeks permission to amend his complaint to add additional defendants.

Plaintiff, and all potential plaintiffs, are not employees, but lease the cars they drive and are therefore independent contractors or lessees. Defendants argue that Plaintiff (and all drivers) signed a lease agreement with Delux, determined for himself the days and the hours he wanted to work, collected and kept his own cash fares, unless it was a charge, in which case, Delux collected it and forwarded it to Plaintiff. Cash fares were not reported to Delux, and all tips went to the drivers. In support of their motion, and claiming them to be "integral" to the complaint, Defendants submitted numerous exhibits, including, inter alia, a "Taxicab Lease Agreement" with Plaintiff, a schedule of lease rates, various proposals for days Plaintiff wanted to work, daily reconciliation reports, reflecting runs taken, non-cash fares collected by Delux and the daily lease rate, and a copy Plaintiff's Town of North Hempstead taxicab driver's licence. Defendants also submitted a declaration of Blasucci outlining the manner in which Delux ran its business and the drivers operated. Defendants request that should the court find these submissions to be outside the review of a Rule 12(b)(6) motion, the motion be converted to one for summary judgment, and granted.[3]

## DISCUSSION

I. Legal Principles

A. Standards on Motion to Dismiss

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true, and draw all reasonable inferences in favor of

---

[3]In opposition, Plaintiff also submitted numerous exhibits, including, inter alia, his 30-page affidavit, numerous memorandum distributed to drivers about Delux policy on keeping cars maintained, interacting with passengers, the fares to charge, how to collect fares, how to collect taxes, and the dress code standards.

3

plaintiffs. Bold Electric, Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the standard set forth in Conley v. Gibson, 355 U.S. 41 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," id. at 45-46. The Supreme Court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). Although heightened factual pleading is not the new standard, Twombley holds that a "formulaic recitation of cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1959. Further, a pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." Iqbal, 129 S. Ct. at 1950.

In reviewing a motion to dismiss, the court reviews the pleading itself, and does not consider matters outside the pleadings. See Fed.R.Civ.Pr, Rule 12(b)(6); Staehr v. Hartford Financial Services Group, Inc., 547 F.3d 406, 425-426 (2d Cir. 2008).[4] Alternatively, if the court is to consider submissions from outside the pleadings, the motion must be treated as one for summary judgment, and "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P., Rule 12(d); Staehr, 547 F.3d at 426.

---

[4]Matters of judicial notice that have been taken by the Court, which matters are taken for the fact of something, as opposed to the truth of something, may be considered since they "are not considered matters outside the pleadings." Staehr, at 426, quoting 5 Wright & Miller, Federal Practice & Procedure § 1366 & n. 33 (3d ed. 2004). The submissions here do not warrant judicial notice.

4

II.  Disposition of the Present Motion

Plaintiff's complaint alleges a Plaintiff is an employee of Delux, and that the FLSA applies. The FLSA defines "employee" as "any individual employed by an employer," and to "employ" as including "to suffer or permit work." 29 U.S.C. §§ 203(e)(1), 203(g) (1982 & Supp. III 1985). The definition is broad, and several factors, known as the "economic reality test," are relevant to determining whether an individual is an "employee" or an independent contractor for purposes of the FLSA. These factors include: (1) the degree of control exercised over the workers; (2) the worker's opportunity for profit or loss; (3) the degree of skill and independent initiative required to perform the work; (4) the permanence or duration of the working relationship; and (5) whether the work is integral to the employer's business. The review is based on the "totality of the circumstances." See Brock v. Superior Care, Inc., 840 F.2d 1054, 1058-1059 (2d Cir. 1988) (citations omitted).

Accepting the factual allegations of Plaintiff's complaint as true, and drawing all reasonable inferences in favor of Plaintiffs as required under Rule 12(b)(6), Plaintiff has sufficiently pled his claims, and therefore Defendants' motion to dismiss is denied.

Yet, Defendants' argue that Plaintiff is not an employee covered by the FLSA and submits numerous documents to show that Plaintiff and all drivers are lessors or independent contractors, not covered by the FLSA. Indeed, both sides have submitted numerous documents including lease agreements, rental rate charges, daily accounting records, and company memorandum that raise facts outside the pleadings to address that question. It should be noted that this motion is pre-answer and discovery has not yet been completed.

The Court finds that this motion, as presented, is premature. It is not appropriate to

convert it to a motion for summary judgment since the parties have not yet completed discovery and had the opportunity to present all material relative to the motion, as required by Rule 12(d). See also Saca v. Dav-El Reservation System, Inc., 600 F.Supp.2d 483, 487 (E.D.N.Y. 2009) (declining to convert a motion to dismiss to one for summary judgment on whether the taxicab exemption of the FLSA applied until discovery was compete). Therefore, the Court declines to convert Defendants' motion to one seeking summary judgment.

The parties are directed to complete discovery before Magistrate Judge Arlene Lindsay, the deadline for which has recently been extended to March 18, 2013. No further additional discovery deadline requests shall be granted. Defendants may renew their motion as one for summary judgment at that time. In accordance with the deadlines set in Magistrate Judge Lindsay's order of January 25, 2013, Defendants' motion shall be served by April 15, 2013. Plaintiff's opposition shall be served by May 6, 2013, and Defendants' reply shall be served by May 17, 2013, at which time all motion papers shall be filed.

The Court further rules that in light of the need to determine the preliminary question of whether the FLSA applies, Plaintiff's motion to conditionally certify a class under FLSA § 216 (b) (docket entry # 37), and Plaintiff's request for leave to move for Rule 23 class certification (docket # 46), are hereby denied, without prejudice to renew, following a determination of Defendants' motion for summary judgment motion. This decision has no bearing on Plaintiff's request to move to amend his complaint recently referred to Magistrate Judge Lindsay.

## CONCLUSION

Defendants' motion to dismiss Plaintiff's complaint is hereby denied, without prejudice to renew as a motion for summary judgment once discovery has been completed in accordance

with the schedule ordered by Magistrate Lindsay. In addition, Plaintiff's motion for condition class certification, and request to move for Rule 23 class certification are also hereby denied without prejudice to renew, upon a determination of Defendants' summary judgment motion.

SO ORDERED.

                                             LEONARD D. WEXLER
                                             UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       February 15, 2013