UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSEPH ARENA, on behalf of himself
and all others similarly situated, RUBEN
FRAIBERG, and THOMAS TUCCI,

                              Plaintiffs,

                           **ORDER**
   -against-                        CV 12-1718 (LDW)(ARL)

DELUX TRANSPORTATION SERVICES, INC.,
and PETER BLASUCCI,

                            Defendants.
----------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Before the court is the defendants' letter application seeking to compel the plaintiff, Joseph Arena ("Arena"), (1) to answer a deposition question as to whether he has filed tax returns for 2011 and (2) to produce his United States and New York State tax returns for 2011 and 2012. Arena opposes the motion and requests that the court grant a protective order protecting future opt-in plaintiffs from questions regarding tips or the production of tax returns. For the reasons set forth below, the defendants' motion is granted and the plaintiff's request is denied.

       Arena commenced this FLSA action on April 6, 2012, alleging that the defendants (1) failed to compensate him for his statutorily required spread of hours pay; (2) deducted money from his wages as taxes even though no such taxes were paid; (3) failed to compensate him for overtime pay; and (4) failed to pay minimum wages. On January 4, 2013, Arena sought conditional certification of the class pursuant to FLSA Section 216(b). On January 25, 2013, Arena requested a pre-motion conference to file a Rule 23 motion for class certification. Those applications were denied without prejudice to renewal upon determination of the defendants' summary judgment motion.

       The defendants contend that Arena was not their employee; rather, he occasionally leased a vehicle from Delux, paid it a fixed rent, remitted sales taxes to Delux for payment to the State, and kept all receipts from passengers for fares, tips and surcharges. The defendants argue that notwithstanding their defense, the plaintiff is arguing that he was an employee, and therefore, his cash receipts are essential to determining if he was properly compensated. Delux asserts that it has no access to Arena's records of cash receipts, to the extent such records exist. Delux further contends that the only records it has reflect the time passengers have been dispatched to Arena, the trip location, and the lawful fares, surcharges and tips that have been charged. Delux has no records of cash receipts from passengers dispatched to Arena or from passengers he may have picked up at taxi stands.

       The plaintiff contends that his tips are not relevant to the case and the only testimony that

the defendants elicited from him is that he did not keep records of cash tips. Moreover, the plaintiff argues that he could have been asked at his deposition whether he recalled specific instances of having received cash fares. Accordingly, the plaintiff argues that there is no basis on which to pry into his individual tax information. The court disagrees.

"The discovery of a plaintiff's tax returns in an FLSA case is generally not warranted as the information sought is at best only minimally relevant and can be more readily obtained from a less intrusive source, namely the defendant's own records." *D'Arpa v. Runway Towing Corp.*, 2012 U.S. Dist. LEXIS 175452 * 9 (E.D.N.Y. De. 11, 2012). In this case, however, the defendants have made an adequate proffer as to the relevancy of the returns. The defendants are not only, as the plaintiff suggests, seeking to obtain information concerning Arena's tips. The are seeking to verify the fares that he collected from passengers and that information is relevant to his claims. Moreover, the records are not readily obtainable from another source. The defendants do not have records reflecting all of his fares and are not required to rely on Arena's "recollection of the specific instances of cash or tips that he received on . . . jobs."

Accordingly, the defendants' motion is granted. On or before March 29, 2013, Arena is directed to provide the defendants with copies of his 2011 and 2012 tax returns. Given this ruling, the defendants' request to have Arena answer a deposition question as to whether he has filed tax returns for 2011 is moot. The plaintiff's request to have the court issue a broad-strokes protective order protecting any future plaintiffs from questions regarding tips or the production of tax returns is denied, as premature.

Also before the court is the plaintiff's request for a pre-motion conference to amend his pleading, which has been referred to the undersigned. The pre-motion conference requirement is waived. The plaintiff may submit a motion to amend pursuant to Local Rule 37.3, or advise the court, in writing, that it would like the court to treat his pre-motion conference letter as his motion to amend. The plaintiff must provide the defendants and the court with a copy of his proposed pleading.

Dated: Central Islip, New York
March 11, 2013

SO ORDERED:

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge