

**Schnader**
ATTORNEYS AT LAW

140 BROADWAY   SUITE 3100
NEW YORK, NY 10005-1101
212.973.8000   FAX 212.972.8798   schnader.com

Theodore L. Hecht
Direct Dial: 212-973-8160
Direct Fax: 212-972-8798
E-mail: thecht@schnader.com

May 22, 2013

**VIA ECF**

Hon. Arlene R. Lindsay
United States District Court for the
  Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

      Re:   *Arena v. Delux Transportation Services, et al.*
              Civil Action No. 12-CV-1718 (LDW) (ARL)

Dear Judge Lindsay:

      I represent defendants in this matter. I am requesting an order requiring plaintiff to comply with this Court's order dated March 11, 2013 (Doc. 56) (the "Order") or otherwise show cause why he should not be sanctioned for his willful failure to comply.

      In the Order, the Court directed that plaintiff produce his United States and New York State tax returns by March 29, 2013. On March 29, 2013, plaintiff only produced his United States tax return for 2011. At the time, plaintiff's counsel wrote that plaintiff "has not yet filed for 2012 and is not in possession of a return for that year. We will disclose that to you once he files and receives, thanks." Plaintiff did not produce a 2011 New York State tax return.

      Plaintiff's 2011 U.S. tax return provided information pertinent to defendants' summary judgment motion and is attached as an exhibit to the motion. (Defendants served their motion on April 15, 2013 and all motion papers will be filed with the Court on June 12, 2013.)

      By May 7, 2013, plaintiff still had not produced his 2012 tax returns. Given that his 2012 returns were due on April 15 (absent a timely application for an automatic extension), on May 7, I sent plaintiff's counsel a letter by email reminding him that plaintiff had not produced his tax returns for 2012. I also pointed out that plaintiff still had not produced his 2011 New York State return.

      On May 14, 2013, having received no response to my May 7 letter, I telephoned plaintiff's counsel in an effort to confer with him on the issue and avoid raising this issue with the Court. Counsel assured me that he had communicated with his client about the Order and that plaintiff had been, or would be, speaking with plaintiff's accountant. Counsel stated that he

**Schnader**
ATTORNEYS AT LAW

Honorable Arlene R. Lindsay
May 22, 2013
Page 2

believed that no tax returns had been filed, but he was awaiting confirmation. I stated that if no other returns had been filed, plaintiff should provide a statement representing that to be the case.

Yesterday, having heard nothing further from plaintiff, I sent plaintiff's counsel another letter by email requesting that plaintiff immediately produce his tax returns or provide a statement that there are no such returns. I have not received any response.

Plaintiff is to serve his opposition to defendants' motion for summary judgment today, May 22, 2013. As noted, defendants' reply is to be served and filed by June 12, 2013. Critically, defendants are entitled to review plaintiff's tax returns in preparation of their reply or know that he has failed to file returns. Defendants' patience has been exhausted. Plaintiff's refusal to comply with the Order is extremely prejudicial to defendants. Compliance with the Order is easy and straightforward. Plaintiff is simply stonewalling and contumacious.

Accordingly, defendants request that the Court issue a new order directing that plaintiff, forthwith, comply with the Order by either producing his tax returns, any application for an extension to file returns, or providing an affidavit attesting to his failure to file returns or obtain an extension; or otherwise show cause why he should not be sanctioned, including the payment of reasonable attorneys' fees, for willful disobedience of the Order.

Respectfully,

Theodore L. Hecht
For SCHNADER HARRISON SEGAL & LEWIS LLP

TLH/dm
cc: All Counsel of Record (via ECF)