UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSEPH ARENA, on behalf of himself and all others similarly situated,

                              Plaintiffs,

                      -against-

DELUX TRANSPORTATION SERVICES, INC., LINCOLN HOLDING CORPORATION, WEBSTER MANAGEMENT, WEBSTER MANAGEMENT, INC., WILLETS MANAGEMENT, INC., PORT CONVEYANCE, DELUX TAXI OF LONG ISLAND, DELUX LIMOUSINE SERVICE, BAY LIMOUSINE AND ARROW ISLAND LIMOUSINE, INC. and any other such related subsidiaries or affiliates of LINCOLN HOLDING CORP., PETER BLASUCCI, an individual, and ANDREA MAJER, an individual,

                              Defendants.
------------------------------------------------------------------X

ECF CASE

Docket No.: 12-CV-01718 (LDW)(ARL)

**STATEMENT OF UNCONTESTED MATERIAL FACTS OF DEFENDANTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Under Local Civil Rule 56.1, defendants hereby submit their statement of material facts to which there are no genuine issues to be tried:

1. Plaintiff Joseph Arena is a licensed taxicab driver. *See* Declaration of Peter Blasucci dated April 15, 2013 ("Blasucci Decl.") ¶¶ 15, 50.

2. Delux Transportation Services, Inc. ("Delux") and its family of companies (named as defendants in the amended complaint who do business under the trade name Delux), provide a variety of ground transportation services. *Id.* ¶¶ 5-12.

3. On November 23, 2011, plaintiff and Delux entered into a Taxicab Lease Agreement ("Taxicab Lease I"). On July 19, 2012, plaintiff and Delux entered into a second Taxicab Lease ("Taxicab Lease II"). *See* Blasucci Decl. ¶¶ 15, 35; *id.* Exs. C, E.

4.      Under the terms of Taxicab Lease I and Taxicab Lease II, the parties agreed that "there does not exist between them the relationship of employer-employee, principal agent, master servant, either express or implied, but the relationship of the parties is strictly that of lessor-lessee, [plaintiff] being free from interference or control on the part of [Delux] in the operation of said taxicab." Blasucci Decl. Ex. C (11/23/11 Lease Agreement), Ex. E (7/19/12 Lease Agreement).

5.      Pursuant to Taxicab Lease I and Taxicab Lease II, plaintiff, as a lessee, could, at his discretion, lease a taxicab on a daily or weekly basis for a rental fee based on the rental period. *Id.* Ex. C ¶¶ 3-4; *id.* Ex. E; *see also id.* Ex. D; *id.* ¶¶ 16-20.

6.      The amount of rent due was set forth in Schedule A of Taxicab Lease I and Taxicab Lease II. *Id.* Ex. D. Schedule A provides plaintiff with a range of options concerning timing, pricing, days of the week, or weeks at a time. *Id.*

7.      Plaintiff determined his own schedule for leasing a taxicab. *See* Declaration of Theodore Hecht dated April 15, 2013 ("Hecht Decl.") Ex. A (Arena Dep.) at 31:11-13 (admitting that he "showed up according to [his] schedule, to the best of [his] ability at the time"); Blasucci Decl. ¶ 32 ("Arena never leased a taxicab in accordance with any fixed or required schedule."); Declaration of Valorie Loolam dated April 15, 2013 ("Loolam Decl.") ¶ 6 (plaintiff "leased in accordance with his own preferences").

8.      The days he selected were entirely of his own choosing and Delux did not penalize him if he changed his mind about working on any given day. *See* Hecht Decl. Ex. A (Arena Dep.) at 37:12-15, 37:18 ("Q. . . . Delux would not punish you in any way, right; you were just allowed to not come in on that day, correct?" . . . A: Yes."), 38:7-11 (agreeing that "when [he] called and said [he] can't come in, essentially, [Delux] say[s] okay"); Blasucci Decl.

2

¶ 32 ("Arena leased a taxicab on days and times of his choosing."); Declaration of Kenneth Dennis dated April 15, 2013 ("Dennis Decl.") ¶ 3 (same).

9. Between November 29, 2011 and August 29, 2012, when plaintiff stopped leasing a taxicab after terminating Taxicab Lease II (a period of 40 weeks or 274 days), plaintiff failed to lease a taxicab even once during 15 weeks, and leased a taxicab on only 57 days during 25 of the 40 calendar weeks. During those 25 calendar weeks, the number of days plaintiff leased a taxicab is as follows: 1 day - 7 weeks; 2 days – 9 weeks; 3 days – 6 weeks; 4 days – 1 week; 5 days – 2 weeks. See Loolam Decl. ¶¶ 8; id. Ex. D (calendar of days plaintiff leased a taxicab).

10. Plaintiff paid Delux a rental for the use of the vehicle. Delux did not compensate plaintiff in any way. Blasucci Decl. ¶ 22; Loolam Decl. ¶ 2.

11. Pursuant to the Taxicab Lease I and Taxicab Lease II, plaintiff is entitled to 100% of the proceeds paid by passengers, including fares, tips, and surcharges. Delux has no entitlement whatsoever to any portion of the cash receipts. Delux is only entitled to the rent paid under the lease. See Hecht Decl. Ex. A (Arena Dep.) at 21:14-15 ("I kept cash that was mine after my lease would be paid, that's how I got paid."), 22:17-20 ("Tips were not reported to Delux."), 23:13-19 (same), 28:5-13 (explaining that cash fares and tips were not reported); Blasucci Decl. ¶ 21 ("Arena did not account to Delux for the total amount that he collected from passengers."); Loolam Decl. ¶ 2 (same); id. Ex. A (reconciliation reports).

12. The rent received by Delux for the leasing of its taxicabs was not related to the amount of fares collected by plaintiff. Blasucci Decl. Ex. C. ¶ 7.

13. On the days that plaintiff actually leased a taxicab, he was free to decline any calls from Delux's dispatch. Dennis Decl. ¶¶ 4-19.

3

14. Delux did not guarantee a certain amount of work and plaintiff's profits or losses depended on his willingness to work and ability to efficiently pick up and transport passengers. *See* Hecht Decl. Ex. A (Arena Dep.) at 31:11-13, 91:5-12; Blasucci Decl. ¶¶ 32; Dennis Decl. ¶¶ 3-21; Loolam Decl. ¶¶ 6-8; *id.* Exs. C (driver check out history), D (calendar of days plaintiff leased a taxicab).

15. Plaintiff was required to maintain a taxicab driver's license from the Town of North Hempstead, New York, to operate a taxicab. Blasucci Decl. ¶ 50; *id.* Ex. H (driver's license).

16. Plaintiff was responsible and required the skill for operating the taxicab in a safe manner and navigating the roadways between points of pick-up and delivery. *Id.* ¶¶ 44-45; *see also* Hecht Decl. Ex. A (Arena Dep.) at 91:5-12.

17. Plaintiff's working relationship with Delux was not permanent. Blasucci Decl. ¶¶ 35-40. Plaintiff leased a taxicab from Delux from November 2011 through June 2012, when he terminated Taxicab Lease I, signed Taxicab Lease II in July 2012, and then lease for a few more weeks, before finally terminating Taxicab Lease II. *Id.*

18. Plaintiff's leasing were not integral to Delux's business. *Id.* ¶ 43. On days he did not lease a taxicab, he was replaceable with other taxicab lessees. *Id.*

19. Delux's taxicabs consist of common carrier transportation in small motor vehicles of persons and such property as they may carry with them to any requested destination in the community. *Id.* ¶¶ 50, 53; *id.* Ex. I (taxicab photographs).

20. Delux's taxicabs have a seating capacity of five people, including the driver. *Id.* ¶ 51; *id.* Ex. I (taxicab photographs). The taxicabs are different than limousines or private livery cars. *Id.* ¶¶ 11, 50-51.

21.     Delux's taxicabs operate without "fixed" routes or contracts for recurrent transportation. *Id.* ¶ 54, 56; *id.* Ex. J (driver open job reports); Dennis Decl. ¶¶ 20-21.

22.     Delux's taxicabs serve the miscellaneous and predominately local (*i.e.*, usually no more than a 50-mile radius) transportation needs of the community. Blasucci Decl. ¶ 12.

23.     Delux's taxicabs sometimes make occasional or unscheduled trips to or from airports and also from taxicab stands at the train stations where numerous demands for taxicab transportation may be expected. *Id.* ¶¶ 53, 56.

24.     Delux's taxicabs are licensed by the New York State Department of Motor Vehicles with a license plate that is designated by the Department of Motor Vehicles as a taxicab plate and a medallion licensed by the Town of North Hempstead for a taxicab. *Id.* ¶¶ 11, 51; *id.* Ex. I (taxicab photographs).

Dated:  New York, New York
        April 15, 2013

Respectfully submitted,

SCHNADER HARRISON SEGAL & LEWIS LLP

By: Theodore L. Hecht
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, 31st Floor
New York, NY 10005
Tel.: (212) 973-8000
Fax: (212) 972-8798
Email: thecht@schnader.com

*Attorneys for Defendants*

5